UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RAMON WILLIAMSON**                                                                       **PETITIONER**
**ADC #143042**

VS.                                            **4:19-CV-00945-BSM-JTR**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction,**
**Arkansas Department of Correction**                                          **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Background

Petitioner, Ramon Williamson ("Williamson"), is a prisoner in the Arkansas Department of Correction.[1] He initiated this action by filing a second and successive habeas Petition which he mischaracterized as a "Motion for Independent Action

---

[1] Williamson is serving a life sentence based on a 2008 capital murder conviction by a jury in Pulaski County, Arkansas.

Pursuant to F.R.C.P Rule 60(d)(1)." *Doc. 2*. For the reasons explained below, the Court recommends dismissing this action, without prejudice, as a second and successive habeas Petition.

On March 29, 2012, Williamson filed his first § 2254 habeas Petition, challenging the constitutionality of his conviction for capital felony murder in 2008. He asserted two habeas claims: (1) the evidence presented at trial was insufficient to support his conviction because the state failed to prove he was the person who committed the murder; and (2) his trial counsel was constitutionally ineffective for failing to preserve that evidentiary issue for appeal. *Williamson v. Hobbs*, Case No. 5:12-cv-00115-JMM-JTR (E.D. Ark. March 29, 2012) ("*Williamson I*") *at doc. 1*.

On April 5, 2013, I entered a Recommended Disposition suggesting that Williamson's habeas Petition be dismissed, with prejudice, because it was not filed within the applicable one year statute of limitations. *See* 28 U.S.C. § 2244(d); *Williamson I at doc. 24*.

On April 23, 2013, United States District Judge James M. Moody adopted my Recommended Disposition and Williamson's § 2254 habeas Petition was dismissed, with prejudice. *Id. at docs. 30 and 31*.[2] Williamson did not appeal.

---

[2] Almost six years later, on February 4, 2019, Williamson filed a Motion for Relief from Judgment Pursuant to Rule 60(b). The Clerk reassigned the case to United States District Judge Brian S. Miller. On February 6, 2019, Judge Miller denied Williamson's Rule 60(b) Motion. *Id. at doc. 45*.

On December 30, 2019, Williamson initiated this second and successive habeas action but sought to disguise the true nature of this action by captioning his habeas Petition as a "Motion for Independent Action Pursuant to F.R.C.P. Rule 60(d)(1)." *Doc. 2*. His Petition asserts two claims for habeas relief:

Claim 1: His trial counsel was constitutionally ineffective for failing to make an adequate motion for directed verdict to preserve his sufficiency-of-the-evidence argument for appellate review.

Claim 2: His trial counsel was constitutionally ineffective for not presenting any defense at trial.

*Id*.

For the reasons stated below, the Court recommends that the case be dismissed, with prejudice, as a second and successive § 2254 habeas action.

## II. Discussion

As part of the initial review process, this Court is required to summarily dismiss any § 2254 habeas Petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in United States District Courts; § 2254 Rule 1(b); 28 U.S.C. § 2243. As part of this initial review, the Court is also obligated to decide

---

On February 14, 2019, Williamson applied for a certificate of appealability as to the denial of his Rule 60(b) Motion. *Williamson v. Kelley*, No. 19-1325. On June 19, 2019, the Eighth Circuit denied Williamson's application for a certificate of appealability. *Williamson I*, 5:12-cv-00115 at *doc. 56*.

On December 16, 2019, Williamson filed a "Motion for Independent Action Pursuant to F.R.C.P. Rule 60(d)(1)" similar to the one asserted here. *Id. at 60*. On March 27, 2020, Judge Miller denied the Motion. *Id. at doc. 66*.

whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

In appropriate cases, Rule 60(b) of the Federal Rules of Civil Procedure is the proper procedural vehicle to seek relief from a "final judgment [or] order," *but* only based on the six narrow grounds described therein.[3] In the context of challenging a "final judgment [or] order" in a § 2254 habeas proceeding, the United States Supreme Court has been careful to note that it can only be *properly invoked* "'to the

---

[3] Fed. R. Civ. P. 60 states in relevant part:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**.

On motions and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it si based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.
. . .

(d)    **Other Powers to Grant Relief**.

The rule does not limit a court's power to:
    (1) entertain an independent action to relieve a party from a judgment, order or proceeding[.]

extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *See Gonzalez v. Crosby*, 545 U.S. 524, 529 (2009)) (quoting 28 U.S.C. § 2254 Rule 12) (discussing Rule 60(b)).[4]

Under 28 U.S.C. § 2244, Williamson's ability to pursue a second or successive § 2254 habeas action is narrowly proscribed. First, any claim that was previously presented in *Williamson I* must be dismissed. 28 U.S.C. § 2244(b)(1). Second, any new claim not previously presented must be dismissed "unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." 28 U.S.C. § 2244(b)(2). Finally, *before* filing a second or successive application in the district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3).

As the Court noted in *Gonzalez*, 545 U.S. at 529-30, a habeas petitioner cannot use Rule 60 to circumvent the general prohibition against second or successive

---

[4] Although *Gonzalez* only dealt with Rule 60(b), the limitations on obtaining relief from a final Judgment under Rule 60(d)(1) are at least as restrictive, if not more restrictive, than those applicable to Rule 60(b). To prevent the restrictions of Rule 60(b) from "be[ing] set at naught," independent actions under Rule 60(d) are "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 47 (quotation and citation omitted); *see also Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980) ("Rule 60(d) provides for extraordinary relief on a showing of exceptional circumstances.").

habeas petitions under § 2244(b)(3).[5] Likewise, it is well settled that "inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 . . . action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (citations omitted).

Williamson's "Motion" asserts two ineffective assistance of trial counsel claims: (1) his attorney failed to make an adequate motion for directed verdict, a claim Williamson *specifically made* in the § 2254 habeas action he filed in 2012; and (2) his attorney failed to present any defense, a claim Williamson *could and should have made* in the § 2254 habeas action he filed in 2012.

Williamson's current habeas Petition does not raise *anything* that might allow him to properly use Rule 60(b) or (d) to challenge the final judgment denying him habeas relief in *Williamson I*. *See Gonzalez*, 545 U.S. at 532 (a Rule 60(b) motion challenging a defect in the integrity of a habeas proceeding is not a successive collateral attack, but a Rule 60(b) motion that merely asserts habeas claims is a successive § 2254 habeas petition); *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) ("A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim.").

---

[5] Absent prior authorization from the Eighth Circuit, a district court lacks subject matter jurisdiction to entertain a "second or successive" § 2254 habeas petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

Finally, Williamson cannot bypass the authorization requirement of § 2244(b)(3) by trying to hide his second and successive § 2254 habeas action under the thin disguise of a so-called "Motion for Independent Action Pursuant to F.R.C.P. Rule 60(d)(1)." *Lambros*, 404 F.3d at 1036 (indicating a certificate of appealability is required when a petitioner attempts to appeal the denial of a *Rule 60(b)* motion seeking relief from an order denying a habeas petition). If Williamson wishes to pursue this second and successive habeas action, he must first seek and obtain permission from the Eighth Circuit. *See* 28 U.S.C. 2244(b)(3). Until Williamson is successful in obtaining that permission, this Court lacks subject matter jurisdiction over this action.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   This § 2254 habeas action, which Williamson has mischaracterized as a "Motion for Independent Action Pursuant to F.R.C.P. 60(d)(1)" be dismissed, without prejudice.

2.   A Certificate of Appealability be DENIED.   *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

Dated this 23rd day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE